IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

BALDEV RAJ BHUTANI,        )
                           )
        Plaintiff,          )
                           )
    vs.                     )
                           )    No. 12 C 5320
BARRINGTON BANK AND TRUST  )
COMPANY and FEDERAL DEPOSIT)
INSURANCE CORPORATION,     )
                           )
        Defendants.         )

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Baldev Bhutani filed suit in Illinois state court against the Federal Deposit Insurance Corporation (FDIC), in its capacity as receiver for the failed Charter National Bank and Trust (Charter Bank), and against Barrington Bank and Trust Company (Barrington Bank), which acquired the assets and liabilities of Charter Bank. Bhutani sought to recover funds he had deposited into a money market account at Charter Bank. The FDIC removed the case to this Court pursuant to 28 U.S.C. § 1442 and then moved to dismiss for lack of subject matter jurisdiction. Barrington Bank has also moved to dismiss for lack of subject matter jurisdiction, and for failure to state a claim. For the reasons stated below, the Court grants defendants' motions.

### Background

The Court takes the following facts from the allegations in Bhutani's complaint and the parties' submissions on the motions to dismiss.

In August 2007, Bhutani – as manager of Avtar LLC – obtained a loan from Charter Bank in the amount of $1,650,000, secured by a mortgage on real estate in Gurnee, Illinois. The terms of the loan required Bhutani to sign as guarantor and to open a money market account in his name. The loan further provided for a right to set-off from accounts held by Avtar LLC and required Bhutani's guaranty to remain in place until all mortgage obligations were satisfied. Pursuant to the agreement, Bhutani deposited a total of $325,505.12 into his money market account from August 2007 through October 2009.

On May 17, 2011, Charter Bank served Bhutani with a state court complaint for foreclosure alleging that Avtar LLC was behind in its interest payments on the loan. On November 23, 2011, the court in foreclosure action entered a default judgment against Avtar LLC. Approximately one month later, Charter Bank stated in court that the funds in Bhutani's money market account had been applied toward payments on the loan to Avtar LLC. The Sheriff of Lake County conducted a foreclosure sale of the Gurnee property, and Charter Bank purchased the property.

On February 10, 2012, the Office of the Comptroller of the Currency (OCC) closed Charter Bank and appointed the FDIC as receiver.[1] Bhutani alleges that on the same day, the FDIC transferred Charter Bank's assets and liabilities to Barrington Bank.

Bhutani filed a timely administrative claim with the FDIC as receiver in which he asserted that Charter Bank had wrongfully set off funds in his money market account against the Avtar LLC loan. He attached to his claim documents he had filed in the

---

[1] The FDIC operates in two separate capacities. In its corporate capacity, the FDIC insures the deposits in banks and supervises and regulates their operation. 12 U.S.C. § 1821(f)(1). As receiver, the FDIC acts as receiver for failed banks, liquidates their assets and liabilities, and has the authority to repudiate their contracts. *See id.* §§ 1821(c)-(e).

2

state court foreclosure case in January 2012 in which he alleged that Charter Bank had denied his requests to withdraw funds in 2010 and 2011 claiming that the "funds were all used up." FDIC's Opening Br., Ex. B. By letter dated April 11, 2012, the FDIC as receiver informed Bhutani that his claim was disallowed. The FDIC's notice further stated:

> Pursuant to 12 U.S.C. Section 1821(d)(6), if you do not agree with this disallowance, you have the right to file a lawsuit on your claim . . . in the United States District (or Territorial) Court for the District within which the failed institution's principal place of business was located or the United States District Court for the District of Columbia within 60 days from the date of this notice.

*Id..*, Ex. C. The letter explained that any failure to file a lawsuit pursuant to the statute would make the disallowance final and would forever bar Bhutani's claim.

Despite what the notice stated, Bhutani did not file suit in federal district court. Rather, on or about May 4, 2012, he filed suit in Illinois state court seeking to obtain the funds from the money market account. As indicated earlier, the FDIC then removed the case to federal court. In his complaint, Bhutani alleges that defendants have refused him access to his funds; they (more specifically Charter Bank) were not permitted to a right of set-off from his money market account; and they have improperly refused to account for how his funds were used.

## Discussion

On a motion to dismiss for lack of subject matter jurisdiction, the Court accepts the factual allegations in the complaint as true and draws reasonable inferences in favor of the plaintiff. *Rueth v. EPA*, 13 F.3d 227, 229 (7th Cir. 1993). The Court is not restricted to the jurisdictional contentions asserted in the complaint, however; it may use other submitted evidence to determine whether it has subject matter jurisdiction.

3

*Ezekiel v. Michel*, 66 F.3d 894, 897 (7th Cir. 1995). The party asserting jurisdiction bears the burden of persuasion on that issue. *United Phosphorus Ltd. v. Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir. 2003).

The FDIC contends that the Court lacks subject matter jurisdiction pursuant to the Financial Institutions Reform, Recovery and Enforcement Act of 1989 (FIRREA), specifically, 12 U.S.C. § 1821. FIRREA establishes an administrative procedure for making claims against the FDIC when, as in this case, it is sued in its capacity as receiver for a failed depository institution. Under this procedure, a person with a claim against a seized depository institution or its receiver must first file a proof of claim with the FDIC, which must adjudicate the claim within 180 days. *See* 12 U.S.C. §§ 1821(d)(3) & (5). If the agency disallows the claim or fails to rule within 180 days, the claimant has sixty days to file an action for *de novo* review in the appropriate federal district court. *Id.* § 1821(d)(6)(A). The statute provides that such an action is to be filed in the United States district court "within which the depository institution's principal place of business is located or the United States District Court for the District of Columbia." *Id.* § 1821(d)(6)(A). If the claimant fails to take action on the claim pursuant to these requirements, the agency's disallowance of the claim is final, and the claimant loses all rights and remedies with respect to the claim. *Id.* § 1821(d)(6)(B); *see Capitol Leasing Co. v. FDIC*, 999 F.2d 188, 193 (7th Cir. 1993) (affirming district court's dismissal of plaintiff's claim for failure to follow the procedures mandated by 12 U.S.C. § 1821(d)(6)).

Bhutani did not comply with the procedure required by statute. He filed his complaint challenging the FDIC's disallowance determination in Illinois state court rather than in one of the two appropriate federal district courts –the United States District Court

4

for this district or the District of Columbia.  And Bhutani did so despite the fact that the FDIC gave him clear an unambiguous written notice that he had to file any suit challenging its disallowance of the claim in one of those two federal district courts.  *See Capitol Leasing Co.*, 999 F.2d at 193 (suggesting that there is no excuse for failure to comply with FIRREA, particularly if the disallowance notice sets forth the procedure for contesting the FDIC's decision).

A plaintiff's failure to follow the administrative claims process outlined in FIRREA deprives a court of subject matter jurisdiction over the plaintiff's claim.  12 U.S.C. § 1821(d)(6); *Maher v. FDIC*, 441 F.3d 522, 525 (7th Cir. 2006) (dismissing suit for lack of subject matter jurisdiction when claimant did not meet time limits for filing suit in court after administrative denial of claim).  Bhutani filed his case in a court that lacked jurisdiction to consider it.  The jurisdiction of a federal court upon removal of a case under 28 U.S.C. § 1442 is derivative of that of the state court from which the case was removed.  *Edwards v. U.S. Dep't of Justice*, 43 F.3d 312, 316 (7th Cir. 1994) (citing *Arizona v. Manypenny,* 451 U.S. 232, 242 n. 17 (1981)).  "Where the state court lacks jurisdiction of the subject matter or of the parties, the federal court acquires none, although in a like suit originally brought in federal court it would have had jurisdiction." *Minnesota v. United States,* 305 U.S. 382, 389 (1939).   The Court therefore lacks subject matter jurisdiction over Bhutani's claim against the FDIC.

Bhutani's failure to comply with FIRREA similarly deprives the Court of subject matter jurisdiction over his claim against Barrington Bank.  The Seventh Circuit has not specifically addressed whether FIRREA applies to claims against purchasing banks, but other circuits have found, and this Court agrees, that the statute's administrative claim

process applies to a claim asserted against a purchasing bank that is based on the conduct of a failed bank. *See Am. Nat'l Ins. Co. v. FDIC*, 642 F.3d 1137, 1142 (D.C. Cir. 2011) ("Where a claim is *functionally*, albeit not *formally*, against a depository institution for which the FDIC is receiver, it is a 'claim' within the meaning of FIRREA's administrative claims process."); *Vill. of Oakwood v. State Bank & Trust Co.*, 539 F.3d 373, 386 (6th Cir. 2008) (requiring compliance with FIRREA where claims against purchasing bank were related to FDIC's acts as receiver of the failed bank); *Am. First Fed., Inc. v. Lake Forest Park, Inc.*, 198 F.3d 1259, 1263 n.3 (11th Cir. 1999) (noting that holder of promissory note obtained from failed bank's receiver "stands in the shoes of the [failed bank] and acquires its protected status under FIRREA").

Bhutani's claim against Barrington Bank is based on Charter Bank's alleged failure to allow him to withdraw funds from his money market account and its application of those funds to the Avtar LLC loan. Bhutani argues that prior to FDIC's receivership, Charter Bank stated in court that the funds in his money market account had been applied toward payments on that loan. In filing his administrative claim with the FDIC as receiver, Bhutani similarly alleged that Charter Bank refused him access to funds in his money market account in both 2010 and 2011 because the "funds were all used up." FDIC's Opening Br., Ex. B. In his complaint in the present case, Bhutani alleges that defendants have not shown that Charter Bank was authorized to use his money market funds to satisfy Avtar LLC's loan payments. These allegations plainly rely on Charter Bank's alleged conduct, not Barrington Bank's post-purchase actions. For this reason, and because Bhutani did not meet the requirements of FIRREA in pursuing his claim in court, the Court lacks subject matter jurisdiction over his claim against Barrington Bank.

**Conclusion**

For the foregoing reasons, the Court grants defendants' motions to dismiss Bhutani's complaint for lack of subject matter jurisdiction [docket nos. 6 & 22]. The Court denies Barrington Bank's motion to dismiss pursuant to Rule 12(b)(6) as moot. The Court directs the Clerk to enter judgment dismissing this case for lack of subject matter jurisdiction.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: December 10, 2012